**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10116 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01868-JGZ-BPV-1 |
| v. | |
| EDUARDO VASQUEZ DURAZO, AKA Eduardo Vasquez-Durazo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted February 12, 2018
San Francisco, California

Before: HAWKINS, BEA, and N.R. SMITH, Circuit Judges.

Eduardo Vasquez-Durazo ("Durazo") appeals his conviction for conspiracy to

possess and possession with intent to distribute fifty kilograms of marijuana. On

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeal, Durazo claims error in denying his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Durazo's stop was supported by reasonable suspicion. An officer possessed of a reasonable suspicion "that criminal activity 'may be afoot'" may conduct an investigatory stop. *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). In reviewing a reasonable suspicion determination in the context of a Border Patrol search, we consider the totality of the circumstances, including "1) characteristics of the area; 2) proximity to the border; 3) usual patterns of traffic and time of day; 4) previous alien or drug smuggling in the area; 5) behavior of the driver, including 'obvious attempts to evade officers'; 6) appearance or behavior of passengers; 7) model and appearance of the vehicle; and, 8) officer experience." *United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997) (quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 885 (1975)). Here, 1) Durazo was driving along a known smuggling route while the Border Patrol checkpoint along that route was temporarily closed; 2) he had placed upon him a Treasury Enforcement Communication System ("TECS") alert due to his

---

[1] The denial of a motion to suppress is reviewed de novo, but the factual findings underlying the district court's decision are reviewed for clear error. *United States v. McTiernan*, 695 F.3d 882, 887 (9th Cir. 2012) (citing *United States v. Caseres*, 533 F.3d 1064, 1067 (9th Cir. 2008)).

arrest three months prior for alien smuggling; 3) he appeared to be driving in tandem with another vehicle that also had a TECS alert for drug smuggling; 4) both vehicles were recently registered, which is often the case with vehicles involved in smuggling; 5) both vehicles were coming from a border town; and, 6) the other vehicle had crossed the border only an hour earlier. When "filtered through the lens of [Agent Jaramillo's] training and experience" in smuggling interdiction, *United States v. Valdes-Vega*, 738 F.3d 1074, 1079 (9th Cir. 2013) (en banc) (citing *Brignoni-Ponce*, 422 U.S. at 885), these facts provided reasonable suspicion for the stop.

The search of the backseat was also proper. A warrantless search based on valid consent is constitutional. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). Agent Jaramillo asked if he could "open the door and look in the back seat[,]" and Durazo consented. Tilting the backseat forward did not exceed that consent. *See United States v. McWeeney*, 454 F.3d 1030, 1034 (9th Cir. 2006) ("[A]n officer does not exceed the scope of a suspect's consent by 'searching' when the officer asked only if he or she could 'look.'"). The search was therefore lawful.

Finally, the district court did not plainly err in failing to rule sua sponte that the stop's duration was unreasonable. Investigatory stops must be temporary and no longer than necessary to effectuate the stop's purpose. *Florida v. Royer*, 460 U.S. 491, 500 (1983). During the five-minute-or-less stop, Agent Jaramillo diligently

3

pursued his smuggling suspicions. Thus, the district court did not plainly err. *See United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996) (asking "whether the officers 'diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly'" (quoting *United States v. Sharpe*, 470 U.S. 675, 686 (1985))).

**AFFIRMED.**